UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| Jiangsu Alcha Aluminum Co., Ltd., <br> Baotou Alcha Aluminum Co., Ltd., and <br> Alcha International Holdings Limited, <br><br>                  Plaintiffs <br><br>                  v. <br><br> UNITED STATES, <br><br>                  Defendant | Court No. 22-00027 |

## COMPLAINT

Plaintiffs Jiangsu Alcha Aluminum Co., Ltd., Baotou Alcha Aluminum Co., Ltd., and Alcha International Holdings Limited (Collectively known as "Alcha Group" or "Alcha"), by and through their attorneys, allege and state:

### INTRODUCTION

1. On April 8, 2020, the U.S. Department of Commerce, International Trade Administration, initiated administrative reviews of the antidumping duty order covering common alloy aluminum sheet from the People's Republic of China for the period June 22, 2018, through January 31, 2020. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 19,730 (April 8, 2020).

2. On June 25, 2021, the Department published preliminary results of this administrative review. *See Common Alloy Aluminum Sheet From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Partial Recission of Antidumping Administrative Review, Preliminary Determination of No Shipments, and*

1

*Preliminary Successor-In-Interest Determination; 2018–2020*, 86 Fed. Reg. 33,640 (June 25, 2021).  The Department preliminarily determined that the antidumping duty margin for Alcha was 143.30 percent.

3.    On December 29, 2021, the Department published the final results for Alcha. *See Common Alloy Aluminum Sheet from the People's Republic of China: Final Results of Antidumping Duty Administrative Review, Final Successor-In-Interest Determination, and Final Determination of No Shipments; 2018–2020*, 86 Fed. Reg. 74,066 (December 29, 2021) ("*Final Results*").  Alcha's final results margin was 56.93 percent.

4.    On February 4, 2022, the Department published the amended final results for Alcha.  *See Common Alloy Aluminum Sheet from the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review, 2018–2020*, 87 Fed. Reg. 6,504 (February 4, 2022) ("*Amended Final Results*").  Alcha's amended final results margin was 58.61 percent.

## JURISDICTION

5.    Alcha brings this action pursuant to Section 516A(a)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2).  Alcha contests the Department's Final Results and Amended Final Results generally and specifically as applied to Alcha.  This Court has jurisdiction under 28 U.S.C. § 1581(c).

## STANDING

6.    Plaintiff Jiangsu Alcha Aluminum Co., Ltd. ("Jiangsu Alcha"), a Chinese corporation, is a producer of subject common alloy aluminum sheet ("CAAS") exported to the United States.  Plaintiff Baotou Alcha Aluminum Co., Ltd. ("Baotou Alcha"), a Chinese corporation, is an affiliated intermediate input supplier to Jiangsu Alcha. Plaintiff Alcha

International Holdings Limited ("Alcha International"), a Hong Kong corporation, is an exporter of CAAS produced by Jiangsu Alcha. Jiangsu Alcha, Baotou Alcha and Alcha International are interested parties under Sections 516A(f)(3) and 771(9) of the Act, codified at 19 U.S.C. §§ 1516a(f)(3) and 1677(9), respectively. Jiangsu Alcha, Baotou Alcha and Alcha International were also parties to the administrative proceeding from which this matter arises. Plaintiffs thus have standing to bring this action under 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

7. Plaintiffs filed a Summons with this Court on January 28, 2022, within 30 days from the date of publication of the Final Results. Plaintiffs' Complaint is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A) and Rule 3 of the Rules of this Court, which requires that the Complaint be filed within 30 days of the Summons.

## STANDARD OF REVIEW

8. The Court must remand any administrative determination by the Department which is "unsupported by substantial evidence on the record as a whole, or is otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B).

## COUNT I

## FINANCIAL RATIOS

9. Paragraphs 1 through 8 are realleged and incorporated herein.

10. In the Final Results, the Department selected Bulgaria CAAS producer Alcomet's financial statement to calculate financial ratios for antidumping margin calculation. *See Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Common Alloy Aluminum Sheet from the People's Republic of China; 2018-2020*, at 15-17 (December 22, 2021) ("Decision Memo).

11. Alcha classified a line item of "hired services" under "Cost of Sales" in Alcomet's financial statement as the labor cost for financial ratios calculation. In the Final Results, the Department changed this line item to the overhead cost of manufacturing. *See* Decision Memo, at 17.

12. The Department's decision to reclassify the "hired services" as the overhead cost was unlawful and not based on substantial evidence.

## COUNT II

## HTS CLASSIFICATIONS OF RECYCLED ALUMINUM

13. Paragraphs 1 through 12 are realleged and incorporated herein.

14. Alcha reported recycled aluminum as a material input in field RECYALM of its FOP database. Alcha's recycled aluminum includes scrap generated during the production process and reintroduced into the production as a material input. Alcha also reported aluminum scrap generated during the production process as a by-product in field ALMSRP of its FOP database. *See* Decision Memo, at 18-22.

15. In the Final Results, the Department used the average of import values for HTS 7601.10 ("aluminum, not alloyed, unwrought") and HTS 7601.20 ("aluminum alloys, unwrought") to value Alcha's recycled aluminum FOP (*i.e.*, field RECYALM). *See* Decision Memo, at 20-21. On the other hand, the Department used import data for HTS 7602.00 ("aluminum waste and scrap") to value Alcha's aluminum scrap by-product (i.e., field ALMSRP). *Id.*

16. The Department's decision to use the average of import values for HTS 7601.10 and HTS 701.20 to value recycled aluminum was unlawful and not based on substantial evidence of record.

## COUNT III

### DOUBLE REMEDIES ADJUSTMENT

17. Paragraphs 1 through 16 are realleged and incorporated herein.

18. In the Final Results, the Department rejected Alcha an adjustment for double remedies resulting from the imposition of countervailing duties to offset domestic subsidies. *See* Decision Memo, at 55.

19. The Department's decision to deny a double remedy offset for domestic subsidies was unlawful and not based on substantial evidence.

## COUNT IV

### DOUBLE COUNTING CONSUMPTION OF ALUMINUM INPUTS

20. Paragraphs 1 through 19 are realleged and incorporated herein.

21. In the Final Results, the Department included both the primary inputs of aluminum ingots and recycled aluminum, as well as intermediate input of liquid aluminum in the calculation of normal value for Alcha, which double counted the consumption of aluminum inputs. *See* Decision Memo, at 39-40.

22. The Department's decision to count both the primary aluminum inputs and the intermediate aluminum input resulting in the double counting is not in accordance with law, nor is it based on substantial evidence of record.

## COUNT V

### SIGMA-CAPPED DISTANCE

23. Paragraphs 1 through 22 are realleged and incorporated herein.

24. Plaintiff Jiangsu Alcha is the producer of subject CAAS exported to the United States during the review period. Plaintiff Baotou Alcha is the affiliated intermediate input supplier

to Jiangsu Alcha. In calculating surrogate freight costs, the Department's practice is to use the shorter of the foreign producer reported distance from the domestic supplier to the factory or the distance from the nearest seaport to the factory. See Sigma Corp. v. United States, 117 F.3d 1401 (Fed. Cir. 1997)

25.     In the Final Results, the Department "recalculated supplier distance for FOPs using a methodology that applies a Sigma-capped distance equal to the distance from Jiangsu Alcha to the nearest seaport for inputs purchased by Jiangsu Alcha, and a Sigma-capped distance equal to the distance from Baotou Alcha to the nearest seaport for inputs purchased by Baotou Alcha," which overvalued the freight costs. See Decision Memo, at 42-43.

26.     The Department's decision to recalculate the producer's sigma-distance by consolidating the supplier Batotou Alcha's sigma-capped distance is not in accordance with law, nor is it based on substantial evidence of record.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs, declare that the Department erred in the final results in the subject administrative review as alleged herein, and remand to the Department with instructions to publish new final results in conformity with the opinion of this Court.  Specifically, the Plaintiffs pray that this Court remand the Department to:

1. Reclassify the "hired services" as the production labor cost and recalculate the financial ratios;
2. Revalue recycled aluminum using the HTS code 7602.00 ("aluminum waste and scrap");
3. Grant Alcha a double remedy offset for domestic subsidies;

4. Revise the NV calculation without double counting primary aluminum and intermediate aluminum inputs; and

5. Revise the consolidated sigma-capped distance using the shorter of Jiangsu Alcha reported distance from the domestic supplier to the factory or the distance from the nearest seaport to the factory.

Plaintiffs otherwise request that the Court grant such additional relief as the Court may deem just and proper.

                                              Respectfully submitted,

                                              */s/ Daniel Cannistra*

                                              Daniel Cannistra, Esq.
                                              John Anwesen, Esq.

                                              Crowell & Moring
                                              1001 Pennsylvania Ave., N.W.
                                              Washington, D.C.  20004

                                              Counsel for Plaintiffs Jiangsu Alcha Aluminum Co., Ltd., Baotou Alcha Aluminum Co., Ltd., and Alcha International Holdings Limited

Dated: February 28, 2022

**CERTIFICATE OF SERVICE**

Pursuant to Rule 3(f) of the Court of International Trade, I, Daniel Cannistra, hereby certify that I have caused copies of the Complaint, in Jiangsu Alcha Aluminum Co., Ltd. et al. v. United States, Case No. 22-00027, be served upon the parties in the administrative proceeding, by the U.S. certified mail, return receipt requested on February 28, 2022.

**UPON THE UNITED STATES:**

Attorney General of the United States
Attorney-in-Charge
International Trade Field Office
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Supervision Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

**UPON THE DEPARTMENT OF COMMERCE:**

Robert Heilferty, Esq.
Chief Counsel
Office of the Chief Counsel for Trade Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
14th Street and Constitution Ave., NW
Washington, DC 20230

**Other Interested Parties**

John M. Herrmann, Esq.
**Kelley Drye & Warren LLP**
3050 K Street, NW
Washington, DC 20007-5108
Phone: 202-342-8400
Email: jherrmann@kelleydrye.com

Matthew J. McConkey, Esq.
**Mayer Brown, LLP**
1999 K Street, NW

Washington, DC 20006-1101
Phone: 202-263-3000
Email: mmcconkey@mayerbrown.com

Peter J. Koenig, Esq.
**Squire Patton Boggs (US) LLP**
2550 M Street, NW, Suite 300
Washington, DC 20036
Phone: 202-730-4965
Email: peter.koenig@squirepb.com

Kristen Smith, Esq.
**Sandler, Travis & Rosenberg, P.A.**
1300 Pennsylvania Avenue, NW, Suite 400
Washington, DC 20004-3002
Phone: 5082213342
Email: ksmith@strtrade.com

Bruce M. Mitchell, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Avenue NW
STE 650
Washington DC 20005
Phone: 212-557-4000
Email: bmitchell@gdlsk.com

Richard Mojica
**Miller & Chevalier Chartered**
900 16th Street NW
Washington, DC 20006
Phone: 202-626-1571
Email: rmojica@milchev.com


                                            /s/ *Daniel Cannistra*
                                              Daniel Cannistra